| | |
|---|---|
| **EMILY G. MYERS**, <br><br> Plaintiff, <br><br> v. <br><br> **ACCOUNT ADJUSTMENT BUREAU, INC., and Patrick Sommerville,** <br><br><br> Defendants. | Case No. <br> Honorable <br><br><br> **COMPLAINT AND JURY DEMAND** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k. This Court may assert supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 arising out of the same nucleus of operative facts.

2. This action arises out of Defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq., the Michigan Occupation Code ("MOC"), MCL 339.901 et seq; or alternative to the MOC, for violations under the Michigan Regulation of Collection Practices Act, ("MRCPA") MCL 445.251 et seq.

3. Venue is proper in this District because the Defendant has its principal place of business in this District and transacts business here.

## PARTIES

4. Plaintiff, EMILY G. MYERS, (hereinafter "Plaintiff") is an adult natural person who is protected under the FDCPA from harassment, oppression and abuse in connection with the collection of a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff is a "consumer," "debtor" and "person" as the terms are defined and used in the MRCPA and MOC.

6. Defendant, ACCOUNT ADJUSTMENT BUREAU, INC. ("AAB"), is a Michigan corporation and a national debt collection company with its principal address located at 3840 Packard Rd., Suite 160, Ann Arbor, MI 48108.

7. AAB's Michigan registered agent is Clinton Myering, 20500 Eureka Road, Suite 300, Taylor, MI 48180.

8. Defendant, Patrick Sommerville is believed to be a natural person who holds himself out as the General Manager of AAB, and is a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. AAB and SOMMERVILLE are both "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

10. AAB and SOMMERVILLE actively collect debts in Michigan as well as nationwide.

11. AAB and SOMMERVILLE, use interstate commerce and the mails in business, the principal purpose of which is the collection of debts. AAB and SOMMERVILLE regularly collect or attempt to collect, directly or indirectly, debts owed or due or

asserted to be owed or due another. AAB and SOMMERVILLE are "debt collectors" as the term is defined and used in the FDCPA. AAB and SOMMERVILLE are a "collection agency" and "licensee" as the terms are defined and used in the MOC, or alternatively a "regulated person" as defined by the MRCPA.

## FACTUAL ALLEGATIONS

12. At all times relevant to this litigation, Defendants have engaged in a course of collection activity aimed at recoupment of an alleged debt due and owing. The alleged debt accrued as the result of a residential lease ("the Debt") and as such same is a debt as defined by 15 U.S.C § 1692a(5).

13. Specifically, Defendants are attempting to collect the following consumer type debt allegedly owed by Plaintiff to Sun Homes Inc. (the "Debt"):

    a. Account Number: 255951 in the amount of $795.81.

14. The alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. Sun Homes, Inc. placed or otherwise transferred the Debt to AAB for collection.

16. AAB predominately uses the initials "AAB" when contacting consumers.

17. AAB uses the initials "AAB" on its envelopes when communicating with consumers in writing.

18. AAB uses the initials "AAB" on its letterhead when communicating with

consumers in writing.

19. AAB uses the initials "AAB" on its website, http://www.accountadjustment.us.

20. On its website, AAB states that "Account Adjustment Bureau or AAB is a full service debt collection agency." See http://www.accountadjustment.us/contact-info.php (last visited 11/20/2017).

21. On its website, AAB states that it is "America's Commercial Collection Agency" See http://www.accountadjustment.us/contact-info.php (last visited 11/20/2017).

22. Unless otherwise specified, Plaintiff will now refer to all Defendants collectively as "Defendant" and each allegation pertains to each Defendant.

23. On October 19, 2017, Defendant sent Plaintiff a letter (the "collection letter"), dated October 19, 2017 regarding Plaintiff's alleged Debt. (See attached as Exhibit 1, a true and correct copy of the letter and postmarked envelope).

24. The collection letter referenced Defendant's "Account#: 255951". (See Exhibit 1)

25. Above the account number, the collection letter has printed "Re: Sun Homes Inc." (See Exhibit 1)

26. The collection letter was sent in a glassline window envelope and the sequence "255951" was clearly visible through the window above Plaintiff's name. (See Exhibit 1)

27. The term "Re: Sun Homes Inc." was also visible through the window of the envelope below Plaintiff's name and address. (See Exhibit 1)

28. The collection letter disclosed that "Account#: 255951" was the account Defendant

assigned to Plaintiff, which was used by Defendant to identify Plaintiff in connection with Defendant's efforts to collect the Debt.

29. The sequence "255951" constitutes personal identifying information.

30. Defendant disclosed the sequence "255951" on the face of the envelope Defendant used for letters sent to Plaintiff.

31. The collection letter disclosed that "Account#: 255951" was the account Defendant assigned to Plaintiff, which was used by Defendant to identify Plaintiff in connection with Defendant's efforts to collect the Debt.

32. The wording "Re: Sun Homes Inc." constitutes personal identifying information.

33. Defendant disclosed the wording "Re: Sun Homes Inc." on the face of the envelope Defendant used for letters sent to Plaintiff.

34. The subject envelope would have, on information and belief, been visible to persons other than Plaintiff, Defendant and its employees though a minimum the process of sending and delivering the subject envelope to Plaintiff.

35. Congress in enacting the FDCPA sought to protect consumers from among other acts, the prohibitions of communicating a debtors' personal affairs to third persons, and therefore the Act was not merely procedural, but substantive and of great importance.

36. 15 U.S.C. § 1692f(8) provides:

    (8) Using **any language or symbol**, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

37. The disclosure of Plaintiff's "Account #" on the face of the envelope violated Section 1692f(8). *See Douglass, et al. v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir. 2014).

38. The disclosure of the words "Re: Sun Homes Inc" on the face of the envelope violated Section 1692f(8).

39. Plaintiff has the legal substantive right to not having disclosed more information than what is permitted under 15 U.S.CS§ 1692f(8).

40. Plaintiff has the legal substantive right to privacy interests.

41. Plaintiff's right to privacy and seclusion of her financial affairs has been violated.

42. The envelope signals the letter's purpose is debt collection.

43. Section 1692g(a)(2) of the FDCPA "requires that the initial communication with a consumer in connection with a debt contain . . . the name of the creditor[.]"

44. It is not sufficient for the debt collector to merely include the name of the creditor in the communication. Rather, the information "must be conveyed effectively to the debtor." *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

45. The collection letter identified in Exhibit 1 was the initial communication from AAB to Plaintiff.

46. The words "Re: Sun Homes Inc" in the collection letter does not effectively convey the original creditor to the Plaintiff. (Courts have consistently held that "[m]erely including the current creditor's name in a debt collection letter, without

more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." *McGinty v. Professional Claims Bureau, Inc.*, Case No. 15-cv-4356 (SJF) (ARL), 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016); see also, *Suellen v. Mercantile Adjustment Bureau, LLC*, Case No. 12- cv-00916 NC, 2012 WL 2849651, at *6 (N.D. Cal. June 12, 2012) (observing that courts have held that "[m]erely naming the creditor without identifying it as the current creditor" is not sufficient for purposes of section 1692g(a) (2)); *Sparkman v. Zwicker & Assocs., P.C.,* 374 F. Supp. 2d 293, 300-01 (E.D.N.Y. 2005) (holding that a debt collector violated 15 U.S.C. § 1692g where "[t]he name of the creditor . . . appear[ed] in the subject line of the Collection Letter, but [was] not identified as a creditor")).The collection letter violated Section 1692g(a)(2) of the FDCPA.

47. As described herein Defendant's collection communications violated the applicable provisions of the FDCPA.

48. Defendant's conduct, as alleged herein, was unfair, misleading, deceptive and unconscionable.

49. Defendant's prohibited actions caused Plaintiff much distress, embarrassment and strain and were intended to harass and coerce Plaintiff into paying the Debt.

50. The acts and omissions of Defendant and their agents and employees, done in connection with efforts to collect a debt from Plaintiff were done intentionally and willfully.

51. Defendant and their agents and employees intentionally and willfully violated the FDCPA, MRCPA and MOC.

## JURY DEMAND

52. Plaintiff is entitled to and has already requested a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## COUNT I

### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 et Seq.

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein. The foregoing acts and omissions of Defendant constitutes violations of the FDCPA including, but not limited to, each and every one of the below cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

    a. § 1692f(8) Using *any language or symbol*, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

    b. § 1692g(a)(2). The name of the creditor to whom the debt is owned.

54. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

## Violations of the Michigan Occupational Code

55. Plaintiff incorporates all the above paragraphs by reference.

56. Defendant is a "collection agency" as that term is defined in the Michigan Occupation Code ("MOC"), M.C.L. § 339.901(b).

57. Plaintiff is a consumer as defined by the MOC and a person whom the act was intended to protect. M.C.L. § 339.901(f).

58. Defendant violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

    a. M.C.L. § 339.915(m) by bringing to public notice that the consumer is a debtor;

    b. M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee;

    c. M.C.L. § 339.918 by failing to identify the original creditor.

59. Defendant's foregoing acts in attempting to collect this debt against Plaintiff constitutes violations of the Michigan Occupation Code.

60. Defendant's violations of the Michigan Occupation Code were willful.

61. Plaintiff has suffered damages because of these violations of the Michigan Occupational Code.

## COUNT III

## Violations of the Michigan Regulation of Collection Practices Act

## (Alternative to Count II)

62. Plaintiff incorporates the preceding allegations by reference.

63. Defendant and their employees/agents are "regulated persons" as defined by MCL 445.251(g) in the Michigan Regulation of Collections Practices Act ("MRCPA") MCL 445.251, et seq.

64. Plaintiff is a person whom the act was intended protect, MCL 445.251(d).

65. Defendant's foregoing acts in attempting to collect this debt against Plaintiff constitutes violations of the Michigan Regulation of Collections Practices Act.

66. Defendant's violations of the MRCPA include, but are not necessarily limited to, the following:

   a. M.C.L. § 445.252(m) by bringing to public notice that the consumer is a debtor;

   b. M.C.L. § 445.252(q) failing to implement a procedure designed to prevent a violation by an employee.

67. Defendant's violations of the Michigan Regulations of Collections Practices Act were willful.

68. Plaintiff has suffered actual damages as a result of these willful violations of the Michigan Regulation of Collections Practices Act.

## CLASS ACTION

69. A complaint need not define the class rather, "the obligation to define the class falls on the judge's shoulders" who may ask the parties' assistance. *Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) (*citing* Fed. R. Civ. P. 8(a);

Fed. R. Civ. P. 23(c)(1); *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011).

70. Pursuant to Rule 23 class definitions may be modified by the Court or by Plaintiff prior to the entry of a judgment in this matter.

71. On information and belief there are more than 40 persons similarly situated to Plaintiff from whom within one year of the filing of this Complaint received a subject form letter and envelope like the one received by Plaintiff.

72. There are questions of law and fact common to each class that predominate over any questions affecting only individual class members.

73. The predominate common questions are:

    a. whether an envelope disclosing a debtor's account number violates the FDCPA, MOC or the MRCPA

    b. whether an envelope disclosing "Re: [subject of the letter]" violates the FDCPA, MOC or the MRCPA.

74. Plaintiff will fairly and adequately protect the interests of a class.

75. Plaintiff has retained Rex C. Anderson, who is counsel experienced in handling class actions and claims involving unlawful business practices.

76. A class action is an appropriate method for the fair and efficient adjudication of this controversy.

77. Plaintiff's claims are typical of the claims of the class members.

78. Plaintiff and the class members have sustained damages arising out of the same wrongful and uniform practices of Defendant.

## DEMAND FOR JUDGMENT FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants.

## COUNT I

### Violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

## COUNT II

### Violations of the Michigan Occupational Code as Alternative to Claims under the Michigan Regulation of Collection Practices Act

- for an award of actual, treble, punitive and statutory damages from every Defendant for the emotional distress suffered by Plaintiff as a result of the Michigan Occupation Code violations in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

# COUNT III

## Violations of the Michigan Regulation of Collection Practices Act (as Alternative to Claims under the Michigan Occupational Code)

- for an award of actual, treble, punitive and statutory damages from every Defendant for the emotional distress suffered by Plaintiff as a result of the Michigan Regulation of Collection Practices Act violations in an amount to be determined at trial and for Plaintiff; and
- for such other and further relief as may be just and proper.

1. *Accordingly, Plaintiff requests that the Court:*

    a. Enter an order that this matter may proceed as a class action;

    b. Appoint Plaintiff's counsel as class counsel;

    c. Appoint Plaintiff as the class representative;

    d. Enter any incentive award deemed reasonable by the Court for Plaintiff's services as the class representative;

    e. Find Defendants each to have violated the FDCPA and MOC or alternative to the MOC, for violations of the MRCPA;

    f. Grant statutory damages;

    g. Grant actual damages;

    h. Grant exemplary damages;

    i. Grant treble damages pursuant to the MOC or alternative to the MOC, for

      violations under the MRCPA;

j.     Award costs and attorney fees.

Dated: December 8, 2017                    Respectfully submitted,

                                                REX ANDERSON, PC

/s/ *Rex C. Anderson*
Rex C. Anderson, Attorney for Plaintiff
9459 Lapeer Rd. Ste. 101
Davison MI 48423
(810) 653-3300
mied@rexandersonpc.com
(P47068)